EASTERN DISTRICT OF WISCONSIN
OF THE UNITED STATES DISTRICT COURT
MILWAUKEE DIVISION

---

NAJJAR H. ABDULLAH, JR.,

    Plaintiff,

UNITED HEALTHCARE INSURANCE COMPANY,

    Involuntary Plaintiff,

vs.  Case No. __20-612__

INSPIRE BRANDS, INC.,
ABC INSURANCE CO.,
MERESS & ASSOCIATES LLC, and
DEF INSURANCE CO.,

    Defendants.

---

**NOTICE OF REMOVAL**

---

Defendant Inspire Brands, Inc. ("Defendant Inspire Brands"), by its attorneys, Ogletree, Deakins, Nash, Smoak & Stewart, P.C., hereby notices the removal of this action pursuant to 28 U.S.C. §§ 1331, 1332, 1367, 1441, and 1446 to the United States District Court for the Eastern District of Wisconsin, and as grounds therefore states:

**I.**    **Timeliness of Removal**

1.    On or about March 11, 2020, Plaintiff Najjar H. Abdullah ("Plaintiff") filed a civil action against Defendant Inspire Brands in Milwaukee County Circuit Court, Case No. 2020CV001986. Copies of the Summons and Complaint are attached as **Exhibit A**, as required under 28 U.S.C. § 1446(a). These are the only process, pleadings, and orders served on Defendant Inspire Brands in this action.

2. The first notice Defendant Inspire Brands received of the civil action occurred on or about March 16, 2020, when it was served with the Summons and Complaint, referenced above.

3. Accordingly, Defendant Inspire Brands is timely filing this Notice of Removal within 30 days after service of process, as required by 28 U.S.C. § 1446(b).

**II.	Venue**

4. The Milwaukee County Circuit Court is located within the Milwaukee Division of the Eastern District of Wisconsin. 28 U.S.C. § 130. Therefore, venue is proper in this Court because it is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

**III.	First Basis for Removal: Diversity Jurisdiction**

5. This action is properly removable under 28 U.S.C. § 1441(b), because the United States District Court has original jurisdiction in this case pursuant to 28 U.S.C. § 1332(a), which provides, "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between…citizens of different States…."

**A.	The Amount in Controversy Exceeds $75,000**

6. This is an action to recover damages for alleged violations of 42 U.S.C. § 1981 and 42 U.S.C. § 2000a and state law claims of negligent hiring and supervision. (*See* Complaint ¶¶ 17-42.)

7. In seeking removal, Defendant Inspire Brands must show that it is more likely than not that the amount in controversy exceeds $75,000. *Meridian Security Ins. Co. v. Sadowski*, 441 F.3d 536 (7th Cir. 2006); *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) ("The burden of establishing subject matter jurisdiction in federal court rests on the party seeking to invoke it.").

2

8. Plaintiff seeks damages in the form of punitive damages, compensatory damages, costs and interest, and other such relief as the court deems just and equitable. (Complaint ¶¶ a-g.) Plaintiff's claims for these damages are undefined at present, but no cap on monetary damages exists for a lawsuit brought under Section 1981. Therefore, it is possible for damages to be awarded well in excess of the $75,000 amount in controversy requirement (although Defendant Inspire Brands denies all wrong doing in relation to Plaintiff's claims). *See Back Doctors Ltd. V. Metropolitan Property and Cas. Ins. Co.*, 637 F3d 827 (7th Cir. 2011) (holding that $75,000 amount in controversy requirement satisfied unless it is "legally impossible" for a plaintiff to recover that amount).

9. When mandated or allowed by statute, reasonable attorney's fees may be included in the amount in controversy for purposes of diversity jurisdiction. *ABM Sec. Serv., Inc. v. Davis*, 646 F.3d 475, 479 (7th Cir. 2011) ("The district court correctly held that only attorneys' fees incurred up to the time of removal could be included in the amount in controversy."); *see also Williamson*, 481 F.3d at 376-77. Plaintiff seeks attorney's fees under 42 U.S.C. § 1988, which provides, "[i]n any action or proceeding to enforce a provision of sections 1981, . . . the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs." Plaintiff's attorney's fees are accruing; it is more likely than not that the amount will total thousands of dollars.

10. Plaintiff's costs and expenses are accruing and will likely contribute thousands of additional dollars to the actual amount in controversy.

    **B.**     **Complete Diversity of Citizenship Exists**

11. Plaintiff is a citizen of the State of Wisconsin. (Complaint ¶ 2.)

12. Meress & Associates LLC ("Meress") is a Wisconsin limited liability company with its principal place of business in West Bend, Wisconsin, and therefore is a citizen of Wisconsin within the meaning of 28 U.S.C. § 1332. (Complaint ¶ 5.)

13. ABC Insurance Company and DEF Insurance Company are the fictitious names of the unknown insurance companies for Defendant Inspire Brands and Meress, respectively, as alleged by Plaintiff. Upon information and belief, these co-defendants have not been served and upon further "information and belief" any other co-defendants would consent to removal.

14. Defendant Inspire Brands is a corporation organized or incorporated in Delaware, and having its principal place of business in Atlanta, Georgia, and therefore is a citizen of Delaware and Georgia within the meaning of 28 U.S.C. § 1332.

15. Therefore, complete diversity of citizenship exists, and this case is removable under 28 U.S.C. § 1441(b), as Defendant Inspire Brands is not a citizen of the same state as Plaintiff.

**IV. Second Basis for Removal: Federal Question Jurisdiction**

16. This action is properly removable under 28 U.S.C. § 1441(a), because the United States District Court has original jurisdiction pursuant to 28 U.S.C. § 1331, which provides that "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

17. Plaintiff's Complaint alleges that Defendant Inspire Brands violated the 42 U.S.C. § 1981 and 42 U.S.C. § 2000a, and asserts related Wisconsin common law claims for negligent hiring and supervision.

18. By asserting claims under federal law, namely, the claims under 42 U.S.C. § 1981 and 42 U.S.C. § 2000a, Plaintiff's Complaint asserts a federal question under 28 U.S.C. §1331. Accordingly, this case is properly removable under 28 U.S.C. § 1441(a).

## V.  Supplemental Jurisdiction

19. This Court has supplemental jurisdiction over Plaintiff's state law claims for negligent hiring and supervision.  Pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction over all other claims that are so related to Plaintiff's federal causes of action "that they form part of the same case or controversy under Article III of the United States Constitution." State law claims fall within this Court's supplemental jurisdiction when they share with the federal claims "a common nucleus of operative fact … such that [the plaintiff] would ordinarily be expected to try them all in one judicial proceeding."  *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966).

20. Here, Plaintiff's state law claims for negligent hiring and supervision relate closely to his claims under 42 U.S.C. § 1981 and 42 U.S.C. § 2000a.  The claims all arise out of a common nucleus of operative facts:  namely, Plaintiff's allegations that Defendant Inspire Brands negligently hired and supervised a security guard—Grant Nelson—who worked at a Buffalo Wild Wings—an affiliate restaurant of Defendant Inspire Brands —when Nelson sprayed Plaintiff with pepper spray after Plaintiff refused to leave Defendant Inspire Brands' restaurant. Plaintiff further alleges that Nelson sprayed Plaintiff with pepper spray because of his race (African American) in violation of 42 U.S.C. § 1981 and 42 U.S.C. § 2000a and that Defendant Inspire Brands is liable for Nelson's discriminatory acts.

21. Therefore, this Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.  Moreover, there is no reason why this Court should not exercise supplemental jurisdiction over Plaintiff's state law claims.  Plaintiff's state law claims neither raise novel or complex issues of State law nor predominate over the claims over which this Court has original jurisdiction, and there are no exceptional circumstances or other compelling reasons for

this Court to decline supplemental jurisdiction. *See* 28 U.S.C. § 1367(c). Thus, removal is proper under 28 U.S.C. § 1441(c).

**VI.     Conclusion**

22.     In accordance with 28 U.S.C. § 1466, copies of this Notice of Removal will be promptly served upon counsel for all adverse parties and filed with the Clerk of the Milwaukee County Circuit Court.

23.     By removing this matter, Defendant Inspire Brands does not waive or intend to waive any defense, including but not limited to insufficiency of process and insufficiency of service of process.

WHEREFORE, Defendant Inspire Brands respectfully requests that this Court take jurisdiction of this action and issue all necessary orders and process to remove it from the Milwaukee County Circuit Court to the United States District Court for the Eastern District of Wisconsin.

Dated this 15th day of April, 2020.

        OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By: /s/ Jesse R. Dill
Jesse R. Dill
WI State Bar No. 1061704
Christina L. Wabiszewski
WI State Bar No. 1098928
1243 North 10th Street, Suite 200
Milwaukee, WI 53205
Tel: (414) 239-6400
Email: jesse.dill@ogletree.com
Email: christina.wabiszewski@ogletree.com
**ATTORNEYS FOR DEFENDANT INSPIRE BRANDS, INC.**

42359037.1