FILED
03-11-2020
John Barrett
Clerk of Circuit Court
2020CV001986
Honorable Paul R Van Grunsven-09
Branch 09

STATE OF WISCONSIN   CIRCUIT COURT   MILWAUKEE COUNTY

| | |
|---|---|
| NAJJAR H. ABDULLAH, JR.,<br>7811 N 78th Street,<br>Milwaukee, WI 53223,<br><br>          Plaintiff, | Case No.: 2020CV<br>Case Code 30106<br><br>**SUMMONS** |

UNITEDHEALTHCARE INSURANCE COMPANY,
a foreign insurance corporation
c/o Registered Agent,
CT Corporation System,
8020 Excelsior Drive, Suite 200,
Madison, WI 53717,

      Involuntary Plaintiff,

vs.

INSPIRE BRANDS, INC.,
dba Buffalo Wild Wings®,
3 Glenlake Parkway, NE,
Atlanta, GA 30328,

ABC INSURANCE CO.,
the fictitious name for unknown
insurance company for Buffalo Wild
Wings®,

MERESS & ASSOCIATES LLC,
c/o Registered Agent David Nigbor,
5531 Peters Drive,
West Bend, WI 53095,

And

DEF INSURANCE CO.,
the fictitious name for unknown
insurance company for Meress,

      Defendants.

STATE OF WISCONSIN    )
                                  ) ss.
COUNTY OF MILWAUKEE    )

    THE STATE OF WISCONSIN, To each person named above as a Defendant:

[1 / 16]
**EXHIBIT A**

You are hereby notified that the Plaintiff named above has filed a lawsuit or other legal action against you. The complaint, which is attached, states the nature and basis of the legal action.

Within 45 days of receiving this summons, you must respond with a written answer, as that term is used in chapter 802 of the Wisconsin Statutes, to the complaint. The court may reject or disregard an answer that does not follow the requirements of the statutes. The answer must be sent or delivered to the court, whose address is Milwaukee County Circuit Court, 901 North 9th Street, Milwaukee, WI 53233, and to Attorney Mark L. Thomsen, Plaintiff's attorney, whose address is 219 North Milwaukee Street, Suite 520, Milwaukee, WI 53202. You may have an attorney help or represent you.

If you do not provide a proper answer within 45 days, the court may grant judgment against you for the award of money or other legal action requested in the complaint, and you may lose your right to object to anything that is or may be incorrect in the complaint. A judgment may be enforced as provided by law. A judgment awarding money may become a lien against any real estate you own now or in the future, and may also be enforced by garnishment or seizure of property.

Issued in Milwaukee, Wisconsin, on this 11th day of March, 2020.

*Electronically signed by*
*Mark L. Thomsen*
MARK L. THOMSEN (SBN 1018839)

*Electronically signed by*
*William F. Sulton*
WILLIAM F. SULTON (SBN 1070600)

GINGRAS, THOMSEN & WACHS LLP
Suite 520
219 N Milwaukee Street
Milwaukee, WI 53202
414-778-0700
mthomsen@gtwlawyers.com
wsulton@gtwlawyers.com

*Attorneys for Plaintiff Najjar Abdullah*

FILED
03-11-2020
John Barrett
Clerk of Circuit Court
2020CV001986
Honorable Paul R Van
Grunsven-09
Branch 09

STATE OF WISCONSIN　　CIRCUIT COURT　　MILWAUKEE COUNTY

NAJJAR H. ABDULLAH, JR.,
7811 N 78th Street,
Milwaukee, WI 53223,

　　　　　　Plaintiff,

UNITEDHEALTHCARE
INSURANCE COMPAN,
a foreign insurance corporation
c/o Registered Agent,
CT Corporation System,
8020 Excelsior Drive, Suite 200,
Madison, WI 53717,

　　　　　　Involuntary Plaintiff,

vs.

INSPIRE BRANDS, INC.,
dba Buffalo Wild Wings®,
3 Glenlake Parkway, NE,
Atlanta, GA 30328,

ABC INSURANCE CO.,
the fictitious name for unknown
insurance company for Buffalo Wild
Wings®,

MERESS & ASSOCIATES LLC,
c/o Registered Agent David Nigbor,
5531 Peters Drive,
West Bend, WI 53095,

And

DEF INSURANCE CO.,
the fictitious name for unknown
insurance company for Meress,

　　　　　　Defendants.

Case No.: 2019CV
Case Code 30106

**COMPLAINT**

　　NOW COMES Plaintiff Najjar H. Abdullah, Jr., by his attorneys, the law firm of GINGRAS, THOMSEN & WACHS LLP, by Attorneys Mark L. Thomsen and William F. Sulton,

and files this complaint against Defendants Inspire Brands, Inc. (dba Buffalo Wild Wings®), Meress & Associates LLC, ABC Insurance Company and DEF Insurance Company.

## Introduction

1.   Inspire Brands, Inc., owns and operates the popular restaurant Buffalo Wild Wings® in Glendale, Wisconsin. The restaurant has a statutory obligation not to employ persons who lack a license or permit as private security. Despite this statutory obligation, the restaurant employed Grant M. Nelson ("Nelson"), who, on information and belief, has no such license or permit to work as private security and permitted Nelson, a white man, to carry a concealed dangerous weapon, pepper spray. Nelson lost his temper and assaulted and battered Najjar Abdullah, an African-American prospective patron. After the unlawful assaults and batteries, the restaurant ratified the unlawful misconduct and allowed a false narrative resulting in Mr. Abdullah being arrested, handcuffed, put in the back of a squad car, driven to the police station, photographed, fingerprinted, and initially cited by local authorities. The citation was dismissed on January 20, 2020.

## Parties

2.   Plaintiff Najjar H. Abdullah, Jr. ("Abdullah") is an African-American man who resides and is domiciled in Milwaukee County, Wisconsin.

3.   That at the present time, the involuntary plaintiff, UnitedHealthcare Insurance Company (hereinafter "UnitedHealthcare"), is a foreign insurance corporation, duly licensed to do business in the State of Wisconsin, with offices of its Registered Agent, CT Corporation System, located at 8020 Excelsior Drive, Suite 200, Madison, WI 53717; that UnitedHealthcare has paid medical and related bills on behalf of the plaintiff, Najjar Abdullah, as a result of injuries he sustained in the incident that is the subject of this lawsuit;

that UnitedHealthcare has no legal right to subrogation or reimbursement despite its payment of benefits, but by reason of such payments, UnitedHealthcare is a proper party herein pursuant to Wis. Stat § 803.03.

4. Defendant Inspire Brands, Inc. owns and operates the Buffalo Wild Wings® restaurant at issue in Milwaukee County, Wisconsin. Inspire Brands is a holding company and the owner and franchisor of Buffalo Wild Wings®. Inspire Brands' principal office is located at Three Glenlake Parkway, NE, Atlanta, GA 30328. Inspire Brands' registered agent is Corporation Service Company, whose address is 40 Technology Parkway, South, Suite 300, Norcross, GA 30092.

5. Defendant Meress & Associates ("Meress") is a private security agency that contracts with businesses, like Buffalo Wild Wings®, to provide armed security. Meress' principal office is located at 5531 Peters Drive, West Bend, WI 53095. Meress' registered agent is David Nigbor, whose registered address is 5531 Peters Drive, West Bend, WI 53095.

6. That at the present time, the defendant, ABC Insurance Company is the fictitious name for unknown insurance company, the identity and location of which is unknown, that is engaged in the business of writing and selling liability insurance; that upon information and belief prior to the date of this incident, September 7, 2018, ABC Insurance Company issued a policy or policies of liability insurance to the defendant, Buffalo Wild Wings®, their agents, servants and/or employees, for claims such as those hereafter set forth; that said policy or policies of insurance were in full force and effect at the time of the incident described below; that in said contract(s) of insurance, ABC Insurance Company reserved the right to settle or adjust any claims arising hereunder and to defend any lawsuits instituted by virtue of any such claims and have a direct interest in this litigation; that ABC

Insurance Company is a proper defendant herein and is directly liable to the plaintiff for all of the plaintiff's injuries and damages as set forth herein; that pursuant to Wis. Stat. § 807.12, ABC Insurance Company is being inserted in place of the real and proper insurance company defendant, which as soon as its identity is ascertained will be substituted in place of ABC Insurer.

7.   That at the present time, the defendant, DEF Insurance Company is the fictitious name for unknown insurance company, the identity and location of which is unknown, that is engaged in the business of writing and selling liability insurance; that upon information and belief prior to the date of this incident, September 7, 2018, DEF Insurance Company issued a policy or policies of liability insurance to the defendant, Meress, their agents, servants and/or employees, for claims such as those hereafter set forth; that said policy or policies of insurance were in full force and effect at the time of the incident described below; that in said contract(s) of insurance, DEF Insurance Company reserved the right to settle or adjust any claims arising hereunder and to defend any lawsuits instituted by virtue of any such claims and have a direct interest in this litigation; that DEF Insurance Company is a proper defendant herein and is directly liable to the plaintiff for all of the plaintiff's injuries and damages as set forth herein; that pursuant to Wis. Stat. § 807.12, DEF Insurance Company is being inserted in place of the real and proper insurance company defendant, which as soon as its identity is ascertained will be substituted in place of DEF Insurer.

**Facts**

8.   On September 7, 2018, at around 9:00pm, Abdullah, an African-American man, picked up his 15-year-old daughter from a high school football game. Abdullah

decided to go to Buffalo Wild Wings® located at 590 West Northshore Drive in the City of Glendale, Wisconsin, to pick up dinner.

9. When Abdullah, who was forty-four years old, and his daughters, entered the restaurant, Nelson, a white armed security guard, angrily and unprovoked, stated that patrons needed to be twenty-one years of age to enter. Abdullah's 15-year-old daughter left the restaurant as instructed despite being with her father.

10. Abdullah told the angry, armed Nelson that he wanted to place a to-go order and walked to the front desk. Justin J. Weber ("Weber"), who is also a white male, was the store manager and was standing behind the desk. Abdullah politely asked Weber if he was the manager of the restaurant. Weber confirmed that he was. Abdullah asked to speak with Weber. Weber agreed.

11. As Abdullah and Weber began to talk, Nelson intervened and angrily stated that the manager was staying in the restaurant. Nelson unlawfully pushed Abdullah in the chest and said for Abdullah to step out. Weber failed to intervene or control Nelson. When Abdullah tried to explain that he only wanted to speak with Weber, Nelson again unlawfully pushed Abdullah backwards and then unlawfully pepper sprayed Abdullah in the eyes, face, neck and head causing immense pain and injury. While Nelson was pepper spraying Abdullah, Nelson called Abdullah a smart mouth motherfucker. Nelson then walked up to Abdullah's daughter and threatened to spray her.

 

12.　Nelson called the police and falsely told them that Abdullah had been disorderly. Weber ratified Nelson's false statements. As a result of their false statements, Abdullah was arrested, handcuffed, put in the back of a squad car, driven to the police station, photographed, fingerprinted, and issued a citation for disorderly conduct. The City of Glendale Municipal Court dismissed the citation on January 20, 2020.

STATE OF WISCONSIN : CIRCUIT COURT : MILWAUKEE COUNTY

CITY OF GLENDALE,

    Plaintiff,

v.

Case No. 808114K55D

NAJJAR H. ABDULLAH, JR.,

    Defendant.

**ORDER**

IT IS HEREBY ORDERED that the above-captioned citation is DISMISSED.

Dated this 20th day of January, 2020.

_____
The Honorable Christopher R. Lipscomb
Municipal Judge

13. Wis. Stat. § 440.26(8) makes it a crime for any person to act as a private security person without a license or permit. Wis. Stat. § 440.26(8) also makes it a crime for any person to employ a private security person who lacks a license or permit.

14. At the time of the events giving rise to this lawsuit, September 7, 2018, on information and belief, Nelson did not have a license or permit to be an armed security guard.

On belief, Nelson also lacked a license or permit to carry concealed any weapon.

15. Buffalo Wild Wings® and Meress knew or should have known that Nelson was not properly trained or credentialed and did not have a license or permit to be an armed security guard; and that Nelson lacked a license or permit to carry any concealed weapon.

16. Buffalo Wild Wings® and Meress also knew or should have known that prior to this incident on June 4, 2018, Nelson was arrested for driving drunk, running a red light, and disorderly conduct, and was convicted of driving drunk and running a red light on July 25, 2018.

### FIRST CLAIM FOR RELIEF: NEGLIGENCE
### AGAINST BUFFALO WILD WINGS®

17. Abdullah incorporates here all other paragraphs in this complaint.

18. At all times relevant to the claims in this complaint, Nelson was acting within the scope of his employment or agency as an armed security guard for Buffalo Wild Wings® and Meress.

19. Buffalo Wild Wings® acted negligently, including hiring Nelson or contracting with Meress and allowing Nelson to act with their express or apparent authority contrary to Wis. Stat. § 440.26(8), by employing Nelson as an armed security guard.

20. Buffalo Wild Wings® is liable for Nelson's assaults and batteries of Abdullah because Nelson was, at all times relevant, acting within the scope of his employment with Buffalo Wild Wings® or with its apparent authority.

21. Buffalo Wild Wings® is also liable for Nelson's assaults and batteries of Abdullah because Weber further ratified Nelson's unlawful misconduct by accepting Nelson's acts and treating those acts as authorized. Weber was aware of and present for

Nelson's unlawful misconduct. Weber had the power to stop Nelson's unlawful conduct yet failed to do so. Weber also had the power and competency to ratify Nelson's unlawful misconduct because Weber is the restaurant's manager. Weber's ratification of Nelson's unlawful misconduct covers the entire unlawful acts by Nelson.

22. Buffalo Wild Wings® was also negligent in hiring and supervising Nelson because, among others, on belief, he lacked proper training or a license or permit to act as a private security person or was otherwise incompetent to serve as a security guard and carry the pepper spray.

23. Buffalo Wild Wings®' negligence was a cause of Abdullah's physical pain and suffering, emotional pain and suffering, inconvenience, mental anguish, and loss of enjoyment of life.

### SECOND CLAIM FOR RELIEF: RACE DISCRIMINATION AGAINST BUFFALO WILD WINGS®

24. Abdullah incorporates here all other paragraphs in this complaint.

25. 42 U.SC. § 1981 provides that "[a]ll persons within the jurisdiction of the United States shall have the same right . . . to make and enforce contracts . . . as is enjoyed by white citizens."

26. § 1981 defines the term "make and enforce contracts" as "includ[ing] the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship."

27. § 1981 thus prohibits restaurants from denying service to African-Americans.

28. Buffalo Wild Wings®, by Nelson and Weber, denied service to Abdullah, an African-American, who was trying to purchase dinner for his family, because of his race; and

subjected Abdullah to physical assaults and batteries and public humiliation on account of his race, for simply trying to order a takeout of Buffalo Wild Wings®' products.

29. No similarly situated white customer would expect the hostile atmosphere, the insults, the assaults, the batteries and denial of service that Abdullah experienced.

30. As a direct result of Buffalo Wild Wings®' unlawful conduct, Abdullah suffered physical pain and suffering, emotional pain and suffering, inconvenience, mental anguish, and loss of enjoyment of life.

### THIRD CAUSE OF ACTION: INJUNCTION AGAINST BUFFALO WILD WINGS®

31. Abdullah incorporates here all other paragraphs in this complaint.

32. 42 U.S.C. § 2000a provides that "[a]ll persons shall be entitled to the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of any place of public accommodation . . . without discrimination or segregation on the ground of race, color, religion, or national origin."

33. Restaurants are included in § 2000a's definition of places of public accommodation.

34. § 2000a proscribes any and all efforts to deny African-American customers "the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodation" of that place.

35. Abdullah was denied the full and equal enjoyment of the services offered by Buffalo Wild Wings® and was subjected to public humiliation and physical violence. Abdullah will likely be subjected to further humiliation and violence without court action.

36. There is a real and immediate threat that Abdullah, and other African-American patrons, will be wronged again and a likelihood of substantial and immediate irreparable injury, including physical violence, for simply entering the restaurant and attempting to purchase food.

37. Abdullah hereby requests an injunction pursuant to § 2000a, enjoining Buffalo Wild Wings® from denying service to Abdullah and other African-American customers.

### FOURTH CLAIM FOR RELIEF: NEGLIGENCE
### AGAINST MERESS

38. Abdullah incorporates here all other paragraphs in this complaint.

39. Meress was negligent, including by failing to properly train and credential Nelson and contrary to Wis. Stat. § 440.26(8) by employing Nelson as an armed security guard and contracting his services to Buffalo Wild Wings®.

40. Meress is liable for Nelson's assaults and batteries of Abdullah because Nelson was, at all times relevant, acting within the scope of his employment with Meress and Meress ratified such conduct.

41. Meress was negligent in hiring and supervising Nelson because, among others, on belief, he lacked a license or permit to act as a private security person or to carry concealed the pepper spray.

42. As a direct result of Meress' unlawful and negligent conduct, Abdullah suffered physical pain and suffering, emotional pain and suffering, inconvenience, mental anguish, and loss of enjoyment of life.

### FIFTH CLAIM FOR RELIEF: PUNITIVE DAMAGES
### AGAINST BUFFALO WILD WINGS®

43. Abdullah incorporates here all other paragraphs in this complaint.

44. Abdullah was subjected to race discrimination as alleged herein.

45. The race discrimination visited upon Abdullah by Buffalo Wild Wings®' agents, employees and representatives was in reckless disregard or callous indifference of Abdullah's federally guaranteed rights subjecting Buffalo Wild Wings® to punitive damages.

## RELIEF REQUESTED

WHEREFORE, Abdullah demands judgment, jointly and severally, as follows:

a. For compensatory damages on behalf of Abdullah, in an amount to be determined at a trial of this matter;

b. For all costs, disbursements and actual attorneys' fees, including pursuant to 42 U.S.C. § 1988, and all interest due and owing;

c. For an injunction prohibiting Buffalo Wild Wings® from denying service to Abdullah and African-American customers.

d. For a declaration that UnitedHealthCare has no legal right to subrogation or reimbursement;

e. For a dismissal of any and all subrogation or reimbursement claims in this matter; and

f. For punitive damages against Buffalo Wild Wings® on behalf of Abdullah, in an amount to be determined at trial of this matter;

g. For such other further relief as the Court deems just and equitable.

Dated at the law office of GINGRAS, THOMSEN & WACHS LLP in Milwaukee, Wisconsin, on this 11th day of March, 2020.

*Electronically signed by*
*Mark L. Thomsen*
MARK L. THOMSEN (SBN 1018839)

*Electronically signed by*
*William F. Sulton*
WILLIAM F. SULTON (SBN 1070600)

GINGRAS, THOMSEN & WACHS LLP
Suite 520
219 N Milwaukee Street
Milwaukee, WI 53202
414-778-0700
mthomsen@gtwlawyers.com
wsulton@gtwlawyers.com

*Attorneys for Plaintiff Najjar Abdullah*