UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

**NAJJAR H ABDULLAH, JR.,**
    **Plaintiff,**

**UNITED HEALTHCARE INS. CO.,**
    **Involuntary Plaintiff**
    v.                         Case No. 20-cv-612

**BLAZIN WINGS, INC., ABC INS. CO.,
MERESS & ASSOCIATES LLC, and DEF INS. CO.,**
    **Defendants.**

## ORDER

Defendant Blazin Wings, Inc. ("Blazin Wings") has moved for a protective order that limits the topics of testimony sought by Plaintiff for a Rule 30(b)(6) deposition of a Blazin Wings corporate representative. ECF 33. As explained below, the motion is **GRANTED in part** and **DENIED in part**.

## I. BACKGROUND

This case stems from an altercation at a Buffalo Wild Wings restaurant in Glendale, WI (owned and operated by Defendant Blazin Wings) between Plaintiff, an African American man and prospective customer, and a white contractor-security guard employed by Defendant Meress & Associates, LLC ("Meress"). *See* ECF 1-1 at 4–16 (complaint), ¶¶ 1–14. According to Plaintiff, both defendants knew or should have known that the security guard in question was not properly trained, credentialed, or licensed to carry a firearm, and had previously been arrested for drunk driving and disorderly conduct. *Id*., ¶¶ 15–16. As to Defendant Blazin Wings, Plaintiff brings claims for race discrimination under 42 U.S.C. § 1981 and negligence.[1] *Id*., ¶¶ 17–30. He also seeks an injunction under 42 U.S.C. § 2000a,

---

[1] Generally, to establish a claim under § 1981, a plaintiff must show that (1) he is a member of a racial minority; (2) the defendant had an intent to discriminate on the basis of race; and (3) the discrimination concerned one or more of the activities enumerated in the statute (i.e., the making and enforcing of a contract). *See Morris v. Off. Max, Inc.*, 89 F.3d 411, 413 (7th Cir. 1996) (citing cases); *Easley v. Sally Beauty Supply*

which prohibits discrimination or segregation in places of public accommodation, asserting that there is a "real and immediate threat" that he and other prospective African-American patrons will suffer harm for "simply entering the restaurant and attempting to purchase food." *Id.*, ¶¶ 31–37.

## II. DISCUSSION

Rule 30(b)(6) addresses depositions directed to an organization, including corporations, and provides that the notice for such a deposition must "describe with reasonable particularity the matters for examination;" the organization then designates a representative to testify on its behalf and must prepare the representative to "testify about information known or reasonably available to the organization." Testimony by a Rule 30(b)(6) deponent "does not represent the knowledge or opinions of the deponent, but that of the business entity." *Smithkline Beecham Corp. v. Apotex Corp.*, 2000 WL 116082, at *9 (N.D. Ill. Jan. 24, 2000). A party seeking a protective order has the burden to demonstrate good cause by making a "particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements." *Ball Corp. v. Air Tech of Michigan, Inc.*, 329 F.R.D. 599, 603 (N.D. Ind. 2019) (quoting *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 102 n. 16 (1981)).

Blazin Wings challenges several topics proposed in Plaintiff's amended notice. First, topics #5 and #6 are too broad in that they seek information about customer complaints and employee discipline relating to all categories of discrimination instead of just racial discrimination and topic #9 too broadly refers to customer complaints about "employee services" instead of just security services. Plaintiff has agreed to limit topics #5 and #6 to complaints of discrimination based on race, ECF 38 at 10, resolving that issue. As to topic #9, I agree with Plaintiff's reading; he may depose the corporate witness about customer complaints as to "security services," whether those services were provided by Blazin Wings

---

*LLC*, No. 18-C-1803, 2020 WL 6161308 (E.D. Wis. Oct. 21, 2020). A plaintiff alleging negligence by an employer as to its employee's conduct must show a causal connection between the employer's negligence and the employee's wrongful act. *See Doe v. Archdiocese of Milwaukee*, 2005 WI 123, ¶¶ 43–45; *Hansen v. Texas Roadhouse, Inc.*, 2013 WI App 2, ¶ 18.

2

employees or contracted security personnel. *Id*. at 12. The motion as to that request is denied as unnecessary.

Blazin Wings also seeks to limit the geographic scope of the above three topics, as well as topics #7 and #8 (related to security discipline and instances of force used against customers), to its restaurant location in Glendale, WI, arguing that this case implicates a single, isolated incident at the Glendale location; Plaintiff's proposal for such a broad geographic scope amounts to a fishing expedition and would impose an undue burden, as Blazin Wings owns and operates hundreds of Buffalo Wild Wings locations throughout the United States. ECF 35, ¶ 3. Plaintiff argues that because the hiring of Defendant Meress was the result of "organizational decision making" by Blazin Wings, company-wide discovery is appropriate. ECF 38 at 13 (citing ECF 37-1 at 102–04). According to company records, "[t]he decision to utilize the services of a contract security company in any given restaurant will be the responsibility of the District Manager, in conjunction with the Risk Management Department." *See* ECF 37-1 at 102–04 (outlining screening and selection process). This policy does not suggest company-wide decision making, but that which is compartmentalized based first on the individual judgment of the relevant District Manager as to whether outside security at a particular location is necessary, who then confers with the Risk Management Department on specific local security contractors. *See id*. Accordingly, I will grant the defendant's request in part: topics #5 through #9 shall be restricted in geographic scope to (1) those locations under the purview of the District Manager responsible for the Glendale, WI location and (2) any other locations at which Defendant Meress was hired to provide security.

Finally, Blazin Wings objects to topic #3, arguing that it does not "describe with reasonable particularity the matters for examination" because it seeks the factual basis for defendant's responses and implicates privileged attorney-client communication and attorney work product. I am satisfied that the topic is not so vague and/or broad as to impose an undue burden on Blazin Wings; corporations are subject to discovery requirements like any

other party and "the use of Rule 30(b)(6) depositions for the purpose of obtaining the factual bases for a defendant's asserted position statements or affirmative defenses is not novel." *U.S. E.E.O.C. v. Caesars Ent., Inc.*, 237 F.R.D. 428, 433 (D. Nev. 2006). *See also Prokosch v. Catalina Lighting, Inc.*, 193 F.R.D. 633, 639 (D. Minn. 2000) ("We understand that the burden upon the responding party, to prepare a knowledgeable Rule 30(b)(6) witness, may be an onerous one, but we are not aware of any less onerous means of assuring that the position of a corporation, that is involved in litigation, can be fully and fairly explored."); *AMP, Inc. v. Fujitsu Microelectronics, Inc.*, 853 F.Supp. 808, 831 (M.D. Pa. 1994) (explaining that in the 30(b)(6) context, it is "reasonable to expect that a party that asserts that certain defenses are available to it would be able to provide a witness to testify to the factual bases for those defenses"). Blazin Wings presents a number of cases where courts have found a lack of "reasonable particularity" in the 30(b)(6) context, however those cases[2] are simply far more complex than the dispute here which involves, as Blazin Wings itself points out, only a "single, short incident," ECF 34 at 2, that lasted approximately two minutes. *See Fed. Deposit Ins., Corp. v. Giancola*, 2015 WL 5559804, at *3 (N.D. Ill. Sept. 18, 2015) (lack of unanimity as to 30(b)(6) in various district court decisions "merely drive[s] home the point that the factual nuances of each case are what guide the courts"); *Caesars*, 237 F.R.D. at 435 ("Defendant's written position statements… and affirmative defenses are not complex patent issues that call for 'quasi-legal argument'").

    Likewise, while I am sensitive to the fact that "[o]ral deposition questions of non-lawyer witnesses may pose a slightly greater risk of inadvertent disclosure of privileged or protected information," that risk may be "adequately addressed by the presence of counsel who may instruct the witness not to answer improperly phrased questions which would

---

[2] *See* ECF 34 at 6–7 (citing *Action Ink, Inc. v. Anheuser-Busch, Inc.*, 2012 WL 6673125, at *2 (E.D. La. Dec. 20, 2012) (trademark infringement); *Smithkline Beecham*, 2000 WL 116082, at *9 (pharmaceutical patent infringement); *In re Indep. Serv. Antitrust Litig.*, 168 F.R.D. 651, 654 (D. Kan. 1996) (antitrust, patent, and copyright); *Skladzien v. St. Francis Regional Medical Ctr.*, 1996 WL 807353, at *1 (D. Kan. Dec. 19, 1996) (employment history and related financial records)).

reveal attorney-client privileged information" and advise the witness "on the scope of the attorney-client privilege and attorney work product doctrine in deposition preparation." *Caesars*, 237 F.R.D. at 434. *See also Protective Nat. Ins. Co. of Omaha v. Commonwealth Ins. Co.*, 137 F.R.D. 267, 280 (D. Neb. 1989) ("[D]epending upon how questions are phrased to the witness, deposition questions may tend to elicit the impressions of counsel about the relative significance of the facts; opposing counsel is not entitled to his adversaries' thought processes."). Until a dispute as to privilege arises, such a decision is premature. *See, e.g., McBride v. Medicalodges, Inc.*, 250 F.R.D. 581, 587 (D. Kan. 2008) ("The Court recognizes that specific questions could elicit privileged or protected information. It is premature to assume that will happen. If it does, Defendant may pursue other available procedures."). The motion as to topic #3 is denied.[3]

## III. CONCLUSION

**THEREFORE, IT IS ORDERED** that the motion for a protective order (ECF 33) is **GRANTED in part** and **DENIED in part**. Topics #5 and #6 are limited to discrimination based on race. Topics #5 through #9 are restricted in geographic scope to those locations under the purview of the District Manager responsible for the Glendale, WI location and any other locations at which Defendant Meress was hired to provide security. All other requests are **DENIED**. Each party is to bear its own costs and fees.

Dated at Milwaukee, Wisconsin, this 17th day of May, 2021.

s/Lynn Adelman
LYNN ADELMAN
District Judge

---

[3] Because I only grant this motion in part, I find that a reasonable apportionment of fees and expenses is that each side bear its own. Fed. R. Civ. P. 37(a)(5)(C). *See, e.g., Action Ink*, 2012 WL 6673125, at *2.